**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **STEVE LORENZO SHAFER,** ) | |
| Petitioner, ) | |
| ) | No. 3:04-CV-1116-D |
| v. ) | |
| ) | |
| **DOUGLAS DRETKE, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  NATURE OF THE CASE**

Steve Lorenzo Shafer ("Petitioner") seeks habeas corpus relief pursuant to the terms of 28 U.S.C. §§ 2241 and 2254.

**II.  PARTIES**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Douglas Dretke ("Respondent") is Director of the TDCJ-CID.

### III.  PROCEDURAL BACKGROUND

Petitioner pled not guilty to intoxication manslaughter.  *State v. Shafer*, No. F99-01220 (Crim. Dist. Ct. No. 3 of Dallas County, Tex. July 20, 2001).  The jury found Petitioner guilty, found two enhancement paragraphs to be true, and sentenced him to twenty-five years in the custody of TDCJ-CID.  *Id*.; *Ex parte Shafer*, No. 52,016-02 at 74-76 (Tex. Crim. App. Feb. 11, 2004).  Petitioner represented himself at trial, with the assistance of stand by counsel, Jim Oatman.  Petitioner appealed, and the Fifth Court of Appeals affirmed the jury's verdict in an unpublished opinion.  *Shafer v. State*, No. 05-01-01324-CR, 2002 WL 1353371 (Tex. App.– Dallas 2002, pet. ref'd).  Petitioner filed a Motion for Rehearing, which the state appellate court overruled on August 12, 2002.  *Id*.  Additionally, he filed a "Motion for the Court of Appeals to Reverse Appellant's Conviction due to Constitutional Error" on August 15, 2002, which the state appellate court denied on August 16, 2002.  *Id*.

Petitioner filed a petition for discretionary review ("PDR") on November 8, 2002.  *See Shafer v. State*, PDR No. 1748-02.  The Texas Court of Criminal Appeals refused the petition on March 19, 2003.  *Id*.  Petitioner filed a state application for writ of habeas corpus on October 13, 2003.  *Ex parte Shafer*, No. 52,016-03 at 2.  The Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing on February 11, 2004.  *Id.* at cover.  Petitioner filed his federal petition for writ of habeas corpus on May 24, 2004.  (Fed. Writ Pet. at 9.)

### IV.  EXHAUSTION OF STATE COURT REMEDIES

Respondent states that Petitioner has exhausted his available state court remedies.

V.   **PETITIONER'S CLAIMS**

Petitioner makes the following claims:

1. The grand jury did not issue the indictment;

2. The prosecutor and a police officer conspired with a jury member to insure a conviction in this case;

3. Trial counsel provided constitutionally ineffective assistance by failing to object to the illegal indictment and by making a false statement to the court regarding an expert; and

4. The evidence is insufficient to support the enhancement paragraphs in this case.

VI.   **STANDARD OF REVIEW**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The petition in this case is subject to review under the AEDPA. Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

To sustain a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so gravely as to deprive the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if a petitioner proves that his counsel was deficient, he must also prove prejudice. *Id*. at 687. To prove such prejudice, the petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*.

"Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

## VII. ANALYSIS

### 1. Illegal Indictment

Petitioner alleges that the grand jury did not issue the indictment in this case. Instead, he claims the prosecution "manufactured" the indictment under which he was tried and "forged" the grand jury foreperson's signature. (Pet.'s Memo at 2-3.) Petitioner raised this claim in his state habeas application. *Ex parte Shafer*, No. 52,016-03 at 15-19. On habeas review, the trial court determined the following facts: "Clearly, the grand jury was involved and issued the indictment in this case. It was filed with this court on May 25, 1999." *Id*. at 70. The Texas Court of Criminal Appeals adopted this finding and denied Petitioner's state habeas application. *Id*. at cover.

This Court must afford the state court's factual determination the presumption of correctness which Petitioner can only overcome by clear and convincing evidence. 28 U.S.C. § 2254(d). In support of this allegation, Petitioner attaches to his federal petition for writ of habeas corpus the following: (1) an affidavit from a Tanya Garza ("Garza"), a store manager trained in evaluating signatures on checks that appear questionable;[1] (2) a motion Petitioner filed in the Dallas County District Clerk's office on March 8, 2004, requesting a signature exemplar

---

[1] The Garza affidavit indicates that the "m" and another letter in the signature appear to be written by somebody not familiar with writing that "m" and concludes that it is, in fact, a forgery. Garza's affidavit also indicates that she is not an expert in the area of handwriting analysis and does not have any forensic or scientific certification. Instead, Garza's individual's training is based on forgery characteristics. In other words, Garza bases the analysis on her own experience.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 5**

from the grand jury foreperson; and (3) Petitioner's unsworn declaration stating that the prosecutor forged the grand jury foreperson's signature. (Pet.'s Memo at Ex. 3, 4.)

On habeas corpus review, a federal court may not consider evidence that is not part of the state habeas corpus record. *Livingston v. Johnson*, 107 F.3d 297, 306 n. 7 (5th Cir. 1997) (holding that petitioner could not rely on evidentiary proof that was not presented to the state courts). This Court may not further develop the facts of this claim unless Petitioner has shown cause for his failure to develop the facts in state court and actual prejudice resulting from that failure. 28 U.S.C. § 2254(e)(2); *Williams*, 529 U.S. at 421. Petitioner has failed to show cause and prejudice, and he has failed to show that failure to consider the evidence would result in a fundamental miscarriage of justice. Therefore, this Court will not consider Petitioner's newly submitted evidence.

Respondent alternatively argues that even if this Court were to consider the additional evidence, Petitioner does not establish by clear and convincing evidence that the state court's factual determination was unreasonable or erroneous. The Court agrees. First, Petitioner has not established that Garza is qualified to be an expert witness on handwriting analysis, and, of additional importance, he has not established that Garza engaged in reliable methodology in reaching her conclusions. The motion asking the state court for a copy of the foreperson's signature is not evidence of a forgery. Further, Petitioner's unsworn self-serving declaration which is without any scientific basis is not evidence of a forgery. Certainly, there is no clear and convincing evidence before the Court that there was a forgery. In fact, Petitioner has not shown that the state habeas proceedings, in which the trial court found that the indictment was properly returned, resulted in a decision that was contrary to, or involved an unreasonable application of,

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

clearly established Federal law, as determined by the Supreme Court of the United States or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.  *See* 28 U.S.C. § 2254(d).  Petitioner's first claims should be denied.

        **2**.     **Ineffective Assistance of Counsel**

Petitioner claims that counsel provided ineffective assistance by failing to challenge the indictment.  Both the state courts and this Court have found that Petitioner's claim that the indictment was illegal is without merit.  Therefore, counsel's objecting to the indictment would have been futile.  A counsel's failure to raise a meritless objection is not ineffectiveness of counsel.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).  Therefore, Petitioner does not meet either prong of the *Strickland* standard for proving ineffective assistance of counsel.  The state court finding that counsel did not provide ineffective assistance was not an unreasonable application of *Strickland* and did not result in an unreasonable application of the facts in light of the evidence that was before the state court.  Petitioner's first claim of ineffective assistance of counsel should be denied.

Petitioner's second claim of ineffective assistance is that his counsel made a false statement to the trial court that a medical expert had been appointed for Petitioner.  Petitioner contends that a medical expert had not been appointed.  Petitioner contends that a medical expert could have testified that if Petitioner was intoxicated with alcohol and cocaine, he could not have survived the crash.[2]

---

[2] Petitioner contends for the first time in his federal petition for writ of habeas corpus that he wanted the medical expert to show that the victim was under the influence of cocaine and

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

The trial record reflects the following exchange between the Court, counsel, and Petitioner (Shafer):

> Court: Well, it just appears that one has been appointed. Do you have any personal knowledge of that, Mr. Oatman?
>
> Counsel: Yes, Your Honor. I discussed with Mr. Peale (Shafer's former defense attorney) the findings of the first medical expert and I discussed those with the defendant in this case, as Mr. Peale had discussed it with him. And the final findings of the medical expert Mr. Peale had appointed by the Court was, in his opinion, nothing improper had been done with the blood evidence in this case, at which point the defendant presented the fact that the medical expert had previously worked at Parkland, was biased and part of the conspiracy against him, and that's why he wanted a new medical expert appointed to his case. Is that correct, Mr. Shafer?
>
> Shafer: No, that's not correct at all. The reason why I requested for the medical examiner, Your Honor, was not–it had nothing to do with the blood evidence. . . .

3 SF 8-9. Counsel did not make a false representation to the trial court. Instead, he reported what he had been told by Petitioner's former counsel. Counsel then asked Petitioner whether this information was accurate. Petitioner responded by denying that he requested a medical expert to challenge the blood evidence and explained to the trial court in detail his actual reason for wanting a second medical expert. 3 SF at 10. After Petitioner's explanation, the trial court denied his *pro se* motion for the appointment of a medical expert. *Id*. at 10-11.

---

alcohol and that these substances could have contributed to his death. This claim was not included in Petitioner's state habeas application. *See Ex parte Shafer*, No. 52,016-03 at 25-27. Accordingly, the claim is unexhausted and procedurally defaulted. *See Barrientes v. Johnson*, 221 F.3d 741, 761-62 (5th Cir. 2000) (holding that a petitioner who amended his federal habeas petition by adding new factual allegations failed to exhaust state court remedies). If Petitioner returned to exhaust the new claim, his petition would be barred as an abuse of the writ, a doctrine which the state court applies regularly. *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**

Petitioner raised this issue on appeal. The Fifth Court of Appeals confirms that Petitioner explained why he wanted the medical expert. The appellate court stated:

> Appellant then state that he did not want a medical expert to evaluate the blood evidence but to evaluate whether he had received incompetent medical treatment while he was hospitalized for his injuries from the accident. The absence of an expert on this issue did not create a high risk of an inaccurate verdict in appellant's case . . . . We resolve [this issue] against him.

*Shafer*, 2002 WL 135331 at *1-2. On habeas review, the trial court found that it agreed with and was bound by the appellate court's opinion on this issue.

Petitioner makes bare assertions on critical issues in his *pro se* petition, unsupported by anything else contained in the record. That is not sufficient to satisfy the *Strickland* standard nor is it sufficient for this Court to grant habeas corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971)). Mere conclusory allegations do not raise a constitutional issue in habeas proceedings. *Ross,* 694 F.2d at 1012. Petitioner cannot show that, absent Counsel's report, the trial court would have granted Petitioner's *pro se* motion. Moreover, he cannot demonstrate that a medical expert would have reached the conclusions that Petitioner claims would have assisted him in his defense. Petitioner has shown neither deficient performance by counsel nor prejudice. The state court finding that counsel did not provide ineffective assistance is not an unreasonable application of *Strickland*. Moreover, the state court did not unreasonably apply the facts in light of the evidence. Petitioner's second ineffective assistance of counsel claim should be denied.

**3.     Jury Tampering**

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 9**

Petitioner alleges that a prosecutor and a police officer conspired with a jury member to convict Petitioner. (Pet.'s Memo at 5-6.) Petitioner attached to both his state habeas application and federal habeas petition a fax cover sheet and money order allegedly demonstrating that the police department bribed one of the jurors. (*Id*. at Exh. 5, 6) The prosecutor and the police officer provided affidavits denying Petitioner's allegations and any knowledge of the fax or money order. On habeas review, the state court made a credibility determination, finding the evidence provided by the prosecutor and the police officer to be true and correct. A state court's factual determination is entitled to a presumption of correctness that can only be overcome by clear and convincing evidence. *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997). Petitioner has not shown by clear and convincing evidence that the state court determination was wrong. Therefore, this allegation that the prosecutor and police officer conspired to assure his conviction by tampering with the jury is without merit and should be denied.

4.      **Insufficient Evidence to Enhance Petitioner's Sentence**

Finally, Petitioner attacks the evidence to support the enhancement paragraphs in this case. Petitioner did not raise this issue on direct appeal. Challenges to the sufficiency of the evidence are not cognizable in a state habeas corpus proceeding. *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). The Texas Court of Criminal Appeals considered the claim to be procedurally barred. Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed,* 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 10**

judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id.; Lowe v. Scott,* 48 F. 3d 873, 875 (5th Cir.1995). Also, when a claim has not been reviewed by the state's highest court, this Court may find such claim procedurally barred. *See Coleman v. Thompson,* 501 U.S. 722 n. 1 (1991). Petitioner did not show cause and prejudice nor did he show that this Court's failure to consider the claim will result in a fundamental miscarriage of justice. Accordingly, Petitioner's claim regarding the enhancement of his sentence is procedurally barred and may not be considered here.

## **RECOMMENDATION**

The state court's decision to deny relief is not clearly contrary to United States Supreme Court precedent nor is it based on a unreasonable determination of the facts in light of the evidence. The petition for writ of habeas corpus should be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

IT IS SO ORDERED.

Signed April 14, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 11**

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE